Saul S. Steeit, J.
The causes of action sought to be dismissed as insufficient charge the moving defendants, publishers of the novel “ The Desperate Hours ”, with having violated plaintiffs’ right of privacy under the Civil Rights Law of this State. The allegations of said causes of action reveal that there was no identification of plaintiffs as persons referred to in the novel until the publication in Life magazine of an article which disclosed the identity of the “ Hilliard ” family, portrayed in the novel, with the plaintiffs in this action. Defendants contend that a novel, based upon real life incidents and characters, does not violate our Civil Rights Law since it nowhere uses or contains the name, portrait or picture of the plaintiffs (Toscani v. Hersey, 271 App. Div. 445). They further *250 maintain that the publication of the Life article by another defendant, Time, Inc., could not make' illegal the continued publication of the novel by them, even if they had knowledge of the identification of the plaintiffs as the fictional “ Hilliards ” in the Life article.
In opposition to the motion, plaintiffs’ attorneys state that defendants correctly cite Toscani v. Mersey (supra) for the proposition that the Civil Bights Law does not prohibit the “ portrayal of acts and events concerning a person designated fictitiously in a novel or play merely because the actual experiences of the living person had been similar to the acts and events so narrated ”. Plaintiffs’ attorneys add “ that if there had been no more than the publication of the novel ‘ The Desperate Hours ’ there would most certainly be no lawsuit before this Court ’ ’. They contend, however, that the theory of their causes of action against the moving defendants is that the latter authorized defendant Hayes, the author of the novel, to undertake such promotional and advertising activities as might advance the sales of the novel, and that publication of the Life article was brought about by Hayes pursuant to said authorization. If Hayeis caused publication of the Life article pursuant to authority from the moving defendants to do so, the latter might be liable to plaintiffs for 'the publication of the Life article, and they might possibly also be liable to plaintiffs for the publication of the novel after they themselves had caused public identification of the fictional “Hilliards” with whom the novel deals. The difficulty with the present pleading is that its allegations fall short of charging that in procuring the publication of the Life article Hayes was acting on behalf of the moving defendants pursuant to the authority they had conferred upon him. The pleading does allege that the movants authorized Hayes to do such promotional and advertising work as might advance the sales of the novel. It continues with the allegation that Hayes adapted the novel into a play and that ‘ ‘ as part of an advertising and promotional campaign ’ ’ Hayes, and others connected with the play, arranged with Time, Inc. for the publication of the Life article. There is no averment, as such, that the 1 ‘ campaign ’ ’ referred to was undertaken, pursuant to the authority granted by the moving defendants, for the' purpose of advancing the sales of the novel. The allegations of the pleading are consistent with the possibility that the sole purpose of the publication of the Life article was to increase attendance at the play 'and at the moving picture referred to in the article. It is worthy of note that in paragraph 37, which is part of a cause of action against defendants other than the *251 moving defendants, it is alleged that the Life article was employed ‘1 to promote and advertise the novel, play and motion picture No similar allegation is made in the causes of action asserted against the movants. In the circumstances, the complaint does not sufficiently charge the moving defendants with responsibility for the publication of the magazine article. To hold a person liable for the acts of an agent, a pleading must allege either that the acts of the agent were those of the principal or that the agenit, in performing the acts, was acting on behalf of the principal.
The motion to dismiss is granted with leave to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry.